**Robert MALONE, Plaintiff,**

v.

**John PARKER, et al., Defendants.**

**Civil Action No. 95–D–1407–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Dec. 9, 1996.

Richard H. Ramsey, III, Dothan, AL, for plaintiff.

David R. Boyd, Cynthia H. Torbert, Anna Northington, Montgomery, AL, Beth Acker, Home Builders Licensure Board, Montgomery, AL, for defendants.

### MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is defendants'[1] motion for summary judgment and brief in support thereof filed September 18, 1996. Plaintiff, Robert Malone ("Malone"), filed a brief in opposition to defendants' motion on December 2, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that the defendants' motion is due to be granted.

### JURISDICTION AND VENUE

Based upon 28 U.S.C. §§ 1331,[2] the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction of venue.

---

1. Defendants, sued individually and in their official capacities as members of the Home Builders Licensure Board, include the following: John Parker, Jim Mitchell, John T. Manuel, Victor E. Hanan, Don Nolan, Kelly Bakane, Hulane B. Smith, and Kenneth Warren. *See* Compl. ¶ 2.

2. Section 1331 designates district courts as "hav[ing] original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## STATEMENT OF FACTS

Malone's cause of action arises from the denial of his application for renewal of his home builder's license. Compl. ¶ 9. He asserts claims under 42 U.S.C. § 1983 against the Board members in their individual and official capacities, alleging that defendants violated his federally protected rights to substantive due process, procedural due process, equal protection of the laws, as well as his First Amendment rights.[3] Compl. ¶¶ 15, 18. Malone also alleges race discrimination in violation of 42 U.S.C. § 1981. Compl. ¶ 11. Malone seeks compensatory and punitive damages, attorney's fees and costs, and injunctive relief. Compl. ¶ 12.

On January 3, 1995, Malone filed an application with the Alabama Home Builders Licensure Board ("Board"), a state agency created pursuant to § 34–14A–1 of the Alabama Code (1996), to renew his home builder's license. Malone Aff. at 1. On February 16, 1995, the Board denied Malone's application due to "deficient credit." Id. Malone requested a hearing, which was held on May 25, 1995. Spencer Aff. at 2. By letter dated June 8, 1995, the Board advised Malone that it had decided to uphold its original denial of his application due to Malone's "lack of experience, expertise, and competence in the home building industry as a residential home builder and lack of willingness to serve the public." Id., Pl.'s Ex. C. Malone did not file an appeal of the Board's decision in state court. Id.

Malone contends that the Board improperly and illegally considered his financial history in making its determination. Malone Aff. at 1–2. Malone further argues that any other justifications the Board offered for its refusal to renew Malone's license are unreasonable and not supported by the weight of the evidence presented at his hearing. Id. at 2. Finally, Malone contends that the all-white Board's decision was motivated by racial animus. Id. at 3. In support of this claim, Malone states that his hearing was characterized by the board's "anger and concern, which could only be derived from [his]

being black." Id. Malone also cites examples of other similarly situated white contractors who were not denied a license, even though they were experiencing financial difficulties. Id. at 3.

Defendants now move for summary judgment on all claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Supreme Court of the United States has noted, on the other hand, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 248, 106 S.Ct. at 2510. See Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir.1989).

---

3. The court is unsure which part of the First Amendment Malone alleges has been violated. Defendants presume, in their brief, that Malone claims his right to free speech has somehow been violated.

At the summary judgment stage, the court must construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (citing Fed.R.Civ.P. 56(c)). Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 587, 106 S.Ct. at 1356; *see also Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

## DISCUSSION

Section 1983 of Title 42 of the United States Code creates a mechanism for recovering monetary damages from and securing injunctive relief against governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. Malone brings his claims under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. Section 1983 itself creates no substantive rights; rather, it provides a remedy for deprivation of federal rights established elsewhere. *See Barfield*, 883 F.2d at 934. Thus, the court first must determine whether Malone has asserted a cognizable claim under § 1983. *See Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir.1994). Specifically, Malone alleges that the defendants violated his right to substantive due process, procedural due process, and equal protection under the laws, and his rights guaranteed by the First Amendment, all made applicable to the states by the Fourteenth Amendment.

### A. Substantive Due Process Claim

Claiming that his right to a home builder's license is a "fundamental right created by Alabama Law," Malone contends that by utilizing information about his financial condition, the Board improperly reviewed his license renewal application and, therefore, deprived him of substantive due process. Pl.'s Br. at 2. The Board, however, points out that Malone's substantive due process claim is foreclosed by *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994), *cert. denied*, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). The court finds the Board's argument persuasive and concludes that Malone has failed to present a viable substantive due process claim.

*McKinney* was a state employee contending that his discharge violated his substantive due process rights. *McKinney*, 20 F.3d 1550. However, after determining that McKinney's employment rights were "state created rights and not 'fundamental' rights created by the Constitution," the Eleventh Circuit Court of Appeals held that McKinney's claim implicated only procedural and not substantive due process protection.[4] *Id.* at 1559. The Eleventh Circuit stated that:

4. With its holding in *McKinney*, the Eleventh Circuit overruled ten years of precedent in this circuit. In so doing, the court stated, "[t]oday, we return this circuit's due process jurisprudence to a proper footing …" *McKinney*, 20 F.3d at 1553.

[A]reas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural—not substantive—due process are observed.

*McKinney,* 20 F.3d at 1556.

Though the facts in *McKinney* involved state employment law, the implication of its holding is that it applies to all nonlegislative acts which involve state-created rights. *See McKinney,* 20 F.3d at 1556 n. 9. "Areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *Reeves v. Thigpen,* 879 F.Supp. 1153, 1169 (M.D.Ala.1995) (quoting *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515–16, 88 L.Ed.2d 523 (1985)). In the instant action, the court agrees that Malone has a vested property right in his home builder's license. Malone himself acknowledges, however, that this property right is a "fundamental right created by Alabama [l]aw." Pl.'s Br. at 2. Malone is correct; it is Alabama law which promulgates the licensing of home builders. Therefore, Malone's property right cannot be said to be a "fundamental" right created by the Constitution. Consequently, under *McKinney,* Malone's state-created property right to a home builder's license does not enjoy substantive due process protection, and Malone is only entitled to procedural due process protection. To the extent that the Board seeks summary judgment on Malone's claims that he was denied substantive due process, its motion is due to be granted.

## B. Procedural Due Process Claim

■ Malone contends that the Board was biased against him and improperly consid-

ered his financial history, thereby depriving him of his property right to his license without due process of law. He alleges specifically that he was subjected to biased decision-makers whose final determination was either unlawful, unreasonable or clearly erroneous in view of the record. However a claim of bias or of unreasonable decision making is insufficient to establish a procedural due process claim where the claimant has failed to take advantage of the process provided by the state. Malone has failed to show that he has exhausted the remedies available to him before filing the instant action, and therefore, the defendants' motion for summary judgment as to the procedural due process claim is due to be granted.

"[P]rocedural due process violations do not become complete 'unless and until the state refuses to provide due process.'" *Id.* at 1562 (quoting *Zinermon v. Burch,* 494 U.S. 113, 123, 110 S.Ct. 975, 981–82, 108 L.Ed.2d 100 (1990)). That is, even if Malone has suffered a procedural deprivation at the hands of the Board, "he has not suffered a violation of his procedural due process rights unless and until the State of [Alabama] refuses to make available a means to remedy the deprivation." *Id.* at 1563. A "state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.* at 1557; *see also, Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir.1996) (distinguishing procedural due process claims from other § 1983 claims).

■ In Malone's case, Alabama has in fact provided a later procedural remedy of which Malone has failed to take advantage, and, therefore, his procedural due process claim must fail. Under the Alabama Administrative Procedures Act, § 41–22–2, *et seq.,* which serves as a "minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public," an applicant "who has exhausted all administrative remedies available within the agency" is entitled to judicial review. Ala.Code § 41–22–20 (1991). Spe-

cifically, § 41–22–20 provides a method by which Malone could have appealed the Board's decision not to renew his license and, moreover, grants the reviewing court the power to reverse or modify a final agency decision. Malone has failed to avail himself of the opportunity for state court review and the procedures provided by the State of Alabama to protect his property right, and, consequently, he cannot claim that the state deprived him of procedural due process. *See Narey v. Dean*, 32 F.3d 1521 (11th Cir.1994) (dismissing plaintiff's claim of due process violation where plaintiff failed to avail himself of state court review as provided by Georgia law); *McKinney*, 20 F.3d at 1561 (holding that the "state court possessing the ability to remedy the alleged procedural defect" was the appropriate forum to address procedural due process claim and might obviate the need for suit in federal court).

## C. Equal Protection Claim

Malone contends that racial animus motivated the Board's decision not to renew his license, in violation of his rights to equal protection of the law, as guaranteed by the Fourteenth Amendment. As grounds for his contention, Malone points out that all the Board members are white, that the Board has renewed white contractors' licenses when the white contractors were also experiencing financial difficulties, and that he is the "only black contractor previously licensed within the confines of Southeast Alabama." Malone also contends that the all-white Board "expressed anger and concern" during his hearing, "which could only be derived from his being black."

■ Malone also brings a claim under § 1981 for the alleged racial discrimination; his § 1981 claims merge, however, into his § 1983 claim. *Busby v. City of Orlando*, 931 F.2d 764, 771–772 n. 6 (11th Cir.1991) (noting that "section 1981 can provide no broader remedy against a state actor than section 1983"). "The Supreme Court has ruled that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . .'" *Pearson v. Macon–Bibb County*

*Hosp. Auth.*, 952 F.2d 1274, 1278 n. 3 (11th Cir.1992) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S.Ct. 2702, 2721–22, 105 L.Ed.2d 598 (1989)). Thus, Malone "has no claim for damages against the [defendants] in this case under § 1981. To the extent that injunctive relief remains available to him under § 1981, it would simply duplicate the equitable relief he could receive under § 1983." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir.1991).

■ "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976). The Equal Protection clause protects individuals from treatment based upon "improper motives," such as race. *Bass v. City of Albany*, 968 F.2d 1067, 1069 (11th Cir.1992); *see also Busby*, 931 F.2d at 774 (holding that the equal protection clause provides the plaintiff "a right to be free from racial discrimination." (citation omitted)). To survive summary judgment as to his equal protection claim, Malone must demonstrate that the Board's denial of his application for licensure was substantially motivated by an intent to discriminate against him on the basis of his race. *See Washington*, 426 U.S. at 240, 96 S.Ct. at 2047–48. Malone has failed to make such a showing.

■ In an attempt to prove discriminatory purpose, Malone has attempted to provide evidence of white contractors in the same financial position who were granted licenses. Unfortunately, Malone has only provided the court with his own conclusions and no admissible evidence, e.g., affidavits of the white contractors concerning their financial situations at the time they renewed their licenses. Malone's other assertions also amount to little more than speculation on his part. Consequently, the court is unable to find a genuine issue of material fact regarding the Board's alleged discrimination.

### D. First Amendment Claim

Malone states in Count III of his Complaint that the Board abridged his First[5] and Fourteenth Amendment rights. Since the filing of his Complaint, Malone has failed to elaborate any further on this claim, declining to explain how any rights guaranteed to him by the First Amendment have been violated.[6] Moreover, Malone has failed to provide any evidence in response to the Defendants' motion for summary judgment which would support any such claim. Consequently, the court is unable to find a genuine issue of material fact regarding Malone's First Amendment Claim.

### CONCLUSION

Based on the foregoing, the court finds that the Defendants' motion for summary judgment is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.

---

**5.** The First Amendment states:
   Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceable to assemble, and to petition the Government for redress of grievances.
   U.S. Const. Am. I.

**6.** Malone's Complaint reads in relevant part:
   The acts of the Defendants, while acting in their official capacity as members of the Home Builders Licensure Board, amount to denial of due process of the Plaintiff in violation of his First and Fourteenth Amendment rights.
   Pl.'s Compl. ¶ 18. The reference to due process combined with the complete lack of explanation as to how Malone's First Amendment rights may have been abridged suggests to the Court that Malone actually, and properly, intended to claim violation of his Fifth and Fourteenth Amendment rights.