Frank J. TARRANCE, Plaintiff,

v.

**MONTGOMERY CTY. BD. OF EDUC., Defendant.**

**No. Civ.A. 00–D–1050N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 23, 2001.

Tammy C. Wooley, John D. Saxon, Birmingham, Al, for plaintiff.

James R. "Spud" Seale, Martha Ann Miller, Hill Hill Carter Franco Cole & Black, Montgomery, AL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is Defendant's Motion For Summary Judgment, which was filed July 18, 2001. Plaintiff filed a Response August 7, and Defendant issued a Reply August 13. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motion is due to be granted.

### I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdic-

tion). The parties do not contest personal jurisdiction or venue.

## II. SUMMARY JUDGMENT STANDARD

The court reviews the record and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The court enters judgment if "there is no genuine issue as to any material fact." FED. R.CIV.P . 56(c).

## III. FACTUAL BACKGROUND

The Montgomery County Board of Education[1] hired Frank J. Tarrance[2] as an unskilled worker in May 1985. Tarrance, who is black, was classified as Laborer I,[3] and he held various jobs with the glass crew, the locksmiths, and the grass mowing crew. Tarrance is not certified in a trade or craft and has never attended a trade school or taken any vocational courses.[4] For a couple years, however, Tarrance did some side work at his cousin's auto body shop, where he helped rebuild cars or install glass.[5] Between November 1998 and May 2000, Tarrance sought three promotions to Maintenance/Repair Worker III, Repair Worker/Locksmith IV, and Mechanic/Glazing III. Tarrance was passed over each time.

1. "MCBOE" or "Defendant."

2. "Tarrance" or "Plaintiff."

3. A Level I employee is the lowest paid employee in his job classification.

4. Tarrance's Dep. at 10.

5. Resp. at 2–3.

## IV. DISCUSSION

### A. *Failure to Promote*

Because Tarrance's case rests entirely on circumstantial evidence, the *McDonnell Douglas* framework applies.[6] The ultimate question in failure-to-promote cases is whether the employer acted with discriminatory intent. The Maintenance III position went to a qualified black applicant,[7] so Tarrance's claim necessarily fails. *See Hawkins v. Ceco Corp.,* 883 F.2d 977, 984 (11th Cir.1989). MCBOE has proffered legitimate race-neutral reasons for giving the other two positions to white employees, so the court will cut to the chase. The issue is whether Tarrance has proffered sufficient evidence creating more than "a weak issue of fact" that each and every proffered reason is pretextual. *See Chapman v. AI Transp.,* 229 F.3d 1012, 1025 n. 11, 1037 (11th Cir.2000) (en banc). The court focuses on "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." *Id.* at 1025 n. 11 (quoting *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000)).

■ Employers have the freedom to make unwise, unsound, or even irrational decisions, and courts do not sit as superpersonnel boards. *See Smith v. Alabama DPS,* 64 F.Supp.2d 1215, 1228 (M.D.Ala.

6. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

7. Resp. at 27.

1999); *Harris v. Delchamps, Inc.*, 5 F.Supp.2d 1316, 1332 (M.D.Ala.1998). Therefore, when an employer picks between job applicants, and promotes a white applicant over an allegedly better qualified black applicant, summary judgment is appropriate unless the disparity in qualifications is " 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.' " *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1254 (11th Cir.2000) (quoting *Deines v. Texas Dep't of PRS*, 164 F.3d 277, 280–81 (5th Cir.1999)). If the employer's proffered reason "is one that might motivate a reasonable employer," then the court's inquiry is done. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997). The court finds that Tarrance's claims fail, for he does little more than quibble with MCBOE's business judgment.

■ Tarrance's weaker claim involves the Locksmith IV position. MCBOE considered Tarrance's qualifications and hired another man because, among other things, the man had supervisory experience.[8] Tarrance never supervised any employees,[9] and, therefore, he cannot prove discrimination. *See Chapman*, 229 F.3d at 1037.

Tarrance's marginally stronger claim implicates the Mechanic III position, which, when posted, said that "at least five years of successful experience working in the window and door glazing field" is required and that "experience installing automobile glass is highly desirable." [10] Tarrance helped do auto glass work for his cousin, and for at least eight years he also periodically installed and repaired glass for Defendant. Tarrance complains that the interview committee never asked whether he had such experience. Tarrance also objects because the Mechanic III position went to Nathan Finch, who was not a school district employee at the time.[11]

The court finds this evidence insufficient as a matter of law. Although MCBOE gave the job to Finch, MCBOE read Tarrance's resume, looked through his personnel file, gave him an interview, and solicited the opinion of his boss, Tim Whetstone.[12] Whetstone recommended Finch, and the interview committee felt that Tarrance's sporadic glass experience was insubstantial. Moreover, school board policy does not prohibit MCBOE from hiring better-qualified candidates from outside the district,[13] and while Finch did not have the requisite five years of glazing experience, Finch nevertheless had worked extensively with automobile glass at a private firm for three years. Put another way, there is insufficient evidence that MCBOE, on prior occasions, has not filled similar positions with candidates who have not met all of its posted criteria. Therefore, the court cannot find that MCBOE applied its criteria for Mechanic III positions in a disparate manner with invidious intent. *See Mitchell v. USBI Co.*, 186 F.3d 1352, 1355 (11th Cir. 1999); *Berg v. Florida Dep't of LES*, 163 F.3d 1251, 1255 (11th Cir. 1998).

**8.** Perkins Aff. ¶¶ 5, 7.

**9.** Tarrance's Dep. at 20.

**10.** Tarrance's Dep.Ex. 6.

**11.** Resp. at 15–16, 23–24; Mot. at 6.

**12.** Mot. at 6–7.

**13.** Duck's Dep. at 22; Hendrix's Dep. at 35, 74; Mot. at 24–26.

■ Tarrance's evidence merely goes to the candidates' disparate qualifications but is not sufficiently probative of pretext. Tarrance must show that MCBOE did not truly believe in the merits of its decision, and that its decision was, in fact, motivated by race. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Alexander v. Fulton County,* 207 F.3d 1303, 1339 (11th Cir.2000). In this case, all that can be said is that MCBOE hired a man who, perhaps, is somewhat less qualified than Tarrance. Even assuming that Tarrance is "clearly more qualified" with respect to one of Defendant's several criteria, summary judgment is warranted, for there is insufficient evidence of racial animus. *GTE,* 226 F.3d at 1255; *see also Breiding v. Garrett,* 816 F.Supp. 708, 713 (M.D.Fla.1993). In so finding, the court notes the unpersuasiveness of Tarrance's statistical evidence, which purports to show that MCBOE systematically promotes whites more quickly than blacks. Although Tarrance compared the promotion rates for thirty MCBOE employees, he has not properly analyzed the relevant labor pool or shown that the employees are similarly situated to him.[14] *See Williams v. Alabama Indus. Dev't Tr'g,* 146 F.Supp.2d 1214, 1221–22 (M.D.Ala.2001) (prior bad acts); *Williams v. Mead Coated Bd., Inc.,* 836 F.Supp. 1552, 1565–66 (M.D.Ala.1993), *aff'd,* 41 F.3d 668 (11th Cir.1994) (statistical evidence).

### B. *Other Workplace Occurrences*

#### 1. *EEOC charge*

■ The court now turns to three other matters raised in Tarrance's Complaint but not in his EEOC charge. Tarrance sent EEOC an unverified charge April 26, 1999.[15] Tarrance provided EEOC with more information in another unverified statement September 9, 1999. Then, he filed a signed, verified charge September 14, 1999.[16] The verified charge relates back and cures the defects in the original charge. *See Malone v. K–Mart Corp.,* 51 F.Supp.2d 1287, 1300 (M.D.Ala.1999) (applying 29 C.F.R. § 1601.12(b)). The issue, therefore, is whether Tarrance's charge gave EEOC a reasonable opportunity to review and conciliate all of his present claims before he filed this civil action.

A judicial complaint is limited to events "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the commission. In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Turner v. Orr,* 804 F.2d 1223, 1226 (11th Cir. 1986). As a general rule, courts may not consider allegations of discrimination that involve adverse employment actions of a different type than those contained in the charge. *See Williamson v. Int'l Paper Co.,* 85 F.Supp.2d 1184, 1195–98 (S.D.Ala. 2000); *Williams v. Hager Hinge Co.,* 916 F.Supp. 1163, 1174 (M.D.Ala.1995); *Mack v. W.R. Grace Co.,* 578 F.Supp. 626, 632 (N.D.Ga.1983).

None of Tarrance's charges complain of anything besides Tarrance's non-promotion to Mechanic III, nor do they allege repeated violations of Title VII. Because the charges were prepared with the assistance of counsel, they need not be given a

---

**14.** Resp. at 33–38.

**15.** Tarrance's Dep.Ex. 8.

**16.** Doc. No. 17 Ex. B, D.

liberal construction. *See Blalock v. Dale Cty. Bd. of Educ.*, 84 F.Supp.2d 1291, 1302 (M.D.Ala.1999). Despite Tarrance's limited charge, he now seeks to dispute several matters related to his terms and conditions of employment, including the fact that: (1) he was not told why MCBOE gave the Maintenance III job to Finch; (2) he was reassigned from working as an electrician, plumber, and glass installer to working as a painter and ceiling tile installer; and (3) he was not placed "on call" to work overtime. The court finds that these complaints are not reasonably related to Tarrance's EEOC charge of non-promotion. Therefore, they are procedurally barred. *See Oliver v. Russell Corp.*, 874 F.Supp. 367, 371 (M.D.Ala.1994).

### *2. Adverse employment actions*

■ Moreover, none of these actions can be the basis of a Title VII claim. "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760–61, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). There must be a serious and material change in the terms, conditions, or privileges of employment. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir.2001); *Smith v. Alabama Dep't of Corr.*, 145 F.Supp.2d 1291, 1297 (M.D.Ala.2001). "Whether an action is sufficient to constitute an adverse employment action ... must be determined on a case-by-case basis, using both a subjective and an objective standard." *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir.2000).

The court finds, first, that Tarrance was not reassigned to a position with significantly different responsibilities when his job switched from one type of manual labor to another. He suffered no change in benefits, salary, or rank, and he is not precluded from applying for future reassignments. *See Wright v. Department of Corr.*, 31 F.Supp.2d 1336, 1343 (M.D.Ala. 1998).

■ The court also finds that Tarrance suffered no significant change in benefits from MCBOE's alleged choice not to place him on call to work overtime. Because Tarrance has never signed up for overtime within his own work crew, the court finds that he does not subjectively perceive the availability of overtime to be a material term or condition of employment.[17] Moreover, although Tarrance's Response brief identifies several employees who have worked overtime, Tarrance's designated facts shed light on the number of hours worked by only one employee. This person has been called for extra work a mere ten times during thirty months.[18] On these facts, the court finds that the ability to work overtime is not material. *See Joiner v. Ohio DOT*, 949 F.Supp. 562, 567 (S.D.Ohio 1996).

■ Finally, the court finds that an employer does not take an adverse employment action by refusing to divulge the reasons for its employment decisions. "An employer need never justify the wisdom of [its] business decisions to a disgruntled employee." *Dowell v. Prime Healthcare Corp.*, 2001 WL 611198 at *8, 2001 U.S.Dist. LEXIS 7232 (M.D.Ala.2001).

### C. *Motion To Amend*

■ Tarrance pleads a Section 1981 claim, but not a Section 1983 claim. Sec-

---

**17.** Chumley's Dep. at 29; Mot. at 16; Reply at 13.

**18.** Resp. at 32–33; Finch's Dep. at 17–18.

tion 1983 is the exclusive federal remedy for violation of the rights guaranteed in Section 1981 by state governmental units. *See Malone v. Parker*, 953 F.Supp. 1512, 1517 (M.D.Ala.1996); *McFarland v. Folsom*, 854 F.Supp. 862, 874 (M.D.Ala.1994). On August 7, 2001, Tarrance moved to amend his complaint to bring a Section 1983 claim. Tarrance admits having access to the information needed for such amendment as early as mid-August 2000.[19] His tardy motion, therefore, is denied. *See Sosa v. Airprint Sys., Inc. .*, 133 F.3d 1417, 1418 (11th Cir.1998) (per curiam).

## V. CONCLUSION

Although summary judgment is due to be granted, the court commends Plaintiff's counsel for her zealous advocacy, professionalism, and conscientiousness. "Devoted civil rights attorneys are often all that protect workers from economic lynching, particularly in non-union shops. But the court cannot bend the law; litigation is not this state's surrogate for the lotto." *Hooks v. Cohen*, 2001 WL 611195 at *11, 2001 U.S.Dist. LEXIS 7239 (M.D.Ala. 2001).

## VI. ORDER

It is CONSIDERED and ORDERED that Defendant's Motion For Summary Judgment be and the same is hereby GRANTED. The Clerk of Court shall close this case.