**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Conrad SLAY, Jr., Defendant-Appellant.**

No. 82–7286
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 16, 1983.

Certiorari Denied Jan. 9, 1984.
See 104 S.Ct. 729.

N.P. Callahan, Jr., Birmingham, Ala., for defendant-appellant.

Shirley I. McCarty, Asst. U.S. Atty., Frank W. Donaldson, U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Convicted of receiving firearms and ammunition shipped in interstate commerce, 18 U.S.C.A. § 922(h)(1), Conrad Slay, Jr. claims (1) the magistrate who issued a search warrant should have disqualified himself from conducting the suppression hearing concerning the evidence seized with that warrant; (2) no probable cause existed for the issuance of the search warrant; and (3) the district court should have made a *de novo* determination on the question of probable cause. We affirm.

Two days after Conrad Slay, Jr. purchased a rifle and ammunition, the firearms dealer notified an agent of the Bureau of Alcohol, Tobacco and Firearms. That day the agent checked records which revealed that Slay had previously pleaded guilty to assault with intent to murder. The agent immediately obtained a warrant to search the vehicle which Slay had driven away from the firearms store. About an hour after the warrant was issued, agents stopped Slay in the vehicle and showed him the warrant. A search of the automobile's trunk produced the rifle and 100 rounds of ammunition.

At a hearing to suppress the gun and ammunition as evidence, Slay claimed that the vehicle searched was not the same vehicle listed in the warrant. The magistrate recommended the motion to suppress be denied. The district court adopted the magistrate's findings and denied the motion after considering Slay's objections to the magistrate's report and reviewing the record.

For the first time on appeal Slay contends that the same magistrate who issued the search warrant was not qualified to hear and consider the motion to suppress the evidence. His argument is based on 28 U.S.C.A. § 455, which provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

A motion to disqualify a magistrate under § 455(a) must be timely. *Delesdernier v. Porterie*, 666 F.2d 116, 121–23 & n. 3 (5th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); *United States v. Conforte*, 624 F.2d 869, 879–80 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); *In re International Business Machines Corp.*, 618 F.2d 923, 932 (2d Cir.). Slay's counsel was aware prior to the hearing on the motion to suppress of the facts which he now contends support a § 455(a) motion. Slay's disqualification argument is therefore untimely and need not be considered by this Court on appeal. *Delesdernier*, 666 F.2d at 122–23.

As to § 455(b)(1), the magistrate's report shows that the magistrate's decision to deny the defendant's motion to suppress

was based on an impartial consideration of the testimony and the physical evidence presented at the hearing. There is no suggestion that the magistrate considered any extrajudicial source of knowledge or had any personal bias or prejudice.

■ Contrary to Slay's contention the evidence presented at the suppression hearing was sufficient to support a finding that there was probable cause to issue a search warrant. A search warrant must be supported by probable cause that an offense has been committed and that evidence exists at the place for which the warrant is sought. *See Zurcher v. Stanford Daily,* 436 U.S. 547, 558, 98 S.Ct. 1970, 1977–1978, 56 L.Ed.2d 525 (1978). Probable cause may be based on facts within the magistrate's knowledge and of which he has reasonably trustworthy information. *United States v. Strauss,* 678 F.2d 886, 892 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982). In this case the magistrate was informed by an agent of the Bureau of Alcohol, Tobacco and Firearms in an affidavit that Slay, a convicted felon, was in possession of a rifle. *See United States v. Long,* 674 F.2d 848, 852 (11th Cir.1982).

Finally, Slay argues the district court should have made a *de novo* finding on the issue of probable cause for issuance of the warrant. In his objections to the magistrate's report, Slay did not object to the finding of probable cause for the warrant, but rather claimed that the vehicle stopped was not the vehicle to which the warrant applied.

■ In filing objections to a magistrate's report and recommendation, a party must specifically identify those findings to which he objects. *Nettles v. Wainwright,* 677 F.2d 404, 410 & n. 8 (5th Cir.). The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice. *Id.* at 410. The district court did make a *de novo* determination as to defendant's specific objection that the

vehicle stopped was not the one described in the warrant. No procedural error occurred.

AFFIRMED.