[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2007
THOMAS K. KAHN
CLERK

No. 06-11130
Non-Argument Calendar

_____

D. C. Docket No. 05-14058-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VLADIMIR ISIDOR ST. LOUIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 15, 2007)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Vladimir Isidor St. Louis appeals his conviction for conspiracy to distribute,

and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846

and 841(a)(1) respectively. The sole issue on appeal is whether the district court properly denied the motion to suppress drugs found in the vehicle in which St. Louis was a passenger after finding that the police officer had probable cause to stop the vehicle for driving after dark without its tail lights illuminated.

We review the denial of a motion to suppress under a mixed standard, "reviewing the district court's findings of fact for clear error and its application of law to those facts de novo."[1] United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir.), cert. denied, 546 U.S. 1035 (2005). All facts must be viewed in the light most favorable to the prevailing party. United States v. Heard, 367 F.3d 1275, 1278 (11th Cir. 2004).

On appeal, St. Louis argues that Florida law only requires that tail lights be illuminated after sunset, and the officer's testimony that it was 8:51 p.m. and dark at the time of the stop was insufficient to prove that sunset had occurred. Furthermore, according to St. Louis, the driver of the vehicle testified at trial that he was driving with only fog lights, which leads to the conclusion that it was not sufficiently dark to require head lights. Therefore, the stop was unreasonable, and the court should have granted his motion to suppress.

---

[1] Although generally the failure to file objections to the magistrate judge's recommendation requires us to review the issue for plain error, United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), we note that St. Louis cannot succeed under either standard of review.

An officer's decision to stop a vehicle is reasonable under the Fourth Amendment when there is probable cause to believe that a traffic violation occurred. United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999). The subjective purpose of the officer is irrelevant, and we will only consider whether a reasonable officer would have stopped the vehicle. Id.

Florida law requires vehicles to be equipped with tail lights, which must be illuminated at all times between sunset and sunrise. Fla. Stat. §§ 316.221, 316.217(1)(a). Under Florida law, "[a]ny police officer may at any time, upon reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, or that its equipment is not in proper adjustment or repair, require the driver of the vehicle to stop." Id. § 316.610(1).

Upon review of the record, and viewing the evidence in the light most favorable to the government, we conclude that the district court's factual findings are supported by the undisputed testimony at the suppression hearing that the stop occurred after dark. Heard, 367 F.3d at 1278. Accordingly, the district court did not clearly err when it denied St. Louis's motion to suppress and found that the officer had probable cause to stop the vehicle in which St. Louis was riding for driving at night without illuminated tail lights. Thus, we affirm.

**AFFIRMED.**