**Bennie RICHARDSON, Plaintiff,**

v.

**Alphonso R. JACKSON, Defendant.**

**Civil Action No. 1:06–CV–2862–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 26, 2008.

Bennie Richardson, East Point, GA, pro se.

Melaine A. Williams, Office of United States Attorney, Atlanta, GA, for Defendant.

### ORDER

THOMAS W. THRASH, JR., District Judge.

This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 28] of the Magistrate Judge recommending granting the Defendant's Motion for Summary Judgment [Doc. 18] and denying the Plaintiff's Motion to Dismiss [Doc. 22]. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion for Summary Judgment [Doc. 18] is GRANTED. The Plaintiff's Motion to Dismiss [Doc. 22] is DENIED.

SO ORDERED.

### ORDER

C. CHRISTOPHER HAGY, United States Magistrate Judge.

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within ten (10) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir.1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED.

### FINAL REPORT AND RECOMMENDATION IN AN EMPLOYMENT DISCRIMINATION ACTION

Plaintiff filed the above-styled civil action *pro se* on November 13, 2006. He claims that Defendant discriminated against him on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*

The action is before the Court on Defendant's Motion for Summary Judgment [18] and Plaintiff's "Motion to Dismiss Summary Judgment" [22] (Plaintiff's brief in response to Defendant's Motion for Summary Judgment). For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment [18] be **GRANTED,** that Plaintiff's Motion to Dismiss Summary Judgment [22] be **DENIED,** and that judgment be entered in favor of Defendant on all counts of Plaintiff's Complaint.

## I. *BACKGROUND FACTS*

■ Unless otherwise indicated, the Court draws the undisputed facts from "Defendant's Statement of Material Facts as to which There is No Genuine Issue to Be Tried" ("SMF"). Although Plaintiff has filed a separate Statement of Material Facts ("Pl.SMF"), he has failed to respond to the numbered facts presented by Defendant, as required by Local Rule 56.1B(2). Because Plaintiff has not specifically controverted any of Defendant's facts, the Court must accept those facts as admitted. LR 56.1B(2), NDGa. The Court nevertheless views these facts in the light most favorable to Plaintiff, as required on a defendant's motion for summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *McCabe v. Sharrett,* 12 F.3d 1558, 1560 (11th Cir. 1994); *Reynolds v. Bridgestone/Firestone, Inc.,* 989 F.2d 465, 469 (11th Cir.1993).

During the relevant time period in this action, Plaintiff was a Community and Planning Development ("CPD") Representative in the New Orleans office of the Department of Housing and Urban Development ("HUD"). SMF at ¶ 1. At that time, Defendant Alphonso R. Jackson was the Secretary of HUD. *See* Compl. at ¶ 1.

In March of 2004, Plaintiff submitted a request to his supervisor, Gregory Hamilton, for a hardship transfer to the Atlanta office. SMF at ¶ 2. Plaintiff indicated that he needed to the transfer to care for his ailing mother who was living in Dermott, Arkansas, and raising his three minor nephews. SMF at ¶ 3. Although Plaintiff's mother was living in Dermott, Arkansas, Plaintiff wanted a transfer to Atlanta because he claimed that his mother would receive better medical care if she moved to Atlanta. SMF at ¶ 5.

Plaintiff's transfer request was submitted to CPD headquarters and considered but it was not approved because the Atlanta office was fully staffed and there was no need for additional CPD staffing. SMF at ¶ 6. Because CPD was unable to approve Plaintiff's request for a transfer to Atlanta, the office suggested that he seek assistance from the Employee Assistance Program ("EAP") which coordinates hardship transfers department wide. SMF at ¶ 7. EAP was unable to negotiate a reassignment for Plaintiff in other non-CPD HUD offices in Atlanta. SMF at ¶ 8.

In mid-July of 2004, Plaintiff requested to be transferred to Little Rock, Arkansas. SMF at ¶ 9. Before the transfer was finalized, Plaintiff sent an e-mail on July 30, 2004, requesting to be transferred to Jacksonville, Florida, instead. SMF at ¶ 10. In early August of 2004, Plaintiff met with Ronald Herbert, Director of CPD's Office of Field Management and Plaintiff's second-line supervisor, who informed Plaintiff that he could not transfer to the CPD office in Jacksonville. SMF at ¶ 11. The Jacksonville office was unavailable because there was only one possible opening in that office and a request for reassignment to that office was under consideration that had preceded the request of the Plaintiff. SMF at ¶ 12. The employee whose request for transfer to Jacksonville had pre-

ceded that of Plaintiff was Nayana Schwertze, a female employee from the New Jersey office, but her request was also ultimately denied on the ground that there was no opening available. SMF at ¶ 13, 14.

In light of the unavailability of a position in Jacksonville, Herbert suggested that Plaintiff consider other CPD offices that could accommodate additional staff, including Little Rock, Arkansas; Greensboro, North Carolina; Columbia, South Carolina; Knoxville, Tennessee, and Baltimore, Maryland. SMF at ¶ 15. Plaintiff rejected all of these suggestions for various reasons and later informed Herbert that he would accept any reassignment in Orlando, Miami, Jacksonville, or any place in Georgia. SMF at ¶ 16. Plaintiff was again advised that Jacksonville, Miami, and Atlanta were not available, and that CPD does not have any staff in Orlando. SMF at ¶ 17.

On August 20, 2004, Plaintiff informed William Eargle, Jr., CPD's Deputy Assistant Secretary for Operations and Herbert's supervisor, that he wanted to be transferred to Little Rock before October 3, 2004, because his mother was being admitted into the hospital for surgery. SMF at ¶ 18. Three days later, Plaintiff was advised that his request for reassignment to Little Rock was on hold pending the outcome of the Agency's response to a Congressional inquiry. SMF at ¶ 20.

In Plaintiff's "Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried" ("Pl.SMF"), Plaintiff alleges that Herbert told him that, in order to be granted a transfer for hardship reasons, an employee must be transferring to be a caregiver for another person. Pl. SMF at ¶ 2. According to Plaintiff, there were two women who were transferred for reasons other than the fact that they were going to care for another person. Pl. SMF at ¶ 3.

Plaintiff alleges that he filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and further alleges that he received a right to sue notice from the EEOC on September 17, 2006, and timely filed this action within ninety (90) days thereafter. See Compl. at ¶¶ 10, 11.

Because many of the Court's findings of fact are intertwined with its analysis of whether the parties have met their respective evidentiary burdens, the remaining relevant facts are set forth in the Discussion below.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is authorized when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 175, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Bingham, Ltd. v. United States, 724 F.2d 921, 924 (11th Cir.1984). The movant carries this burden by showing the court that there is "an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In making its determination, the court must view the evidence and all factual inferences in the light most favorable to the nonmoving party.

Once the moving party has adequately supported its motion, the nonmoving party must come forward with specific facts that demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmoving party is required "to go beyond the pleadings" and to present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

When considering motions for summary judgment, the court does not make decisions as to the merits of disputed factual issues. *See Anderson*, 477 U.S. at 249, 106 S.Ct. 2505; *Ryder Int'l Corp. v. First American Nat'l Bank*, 943 F.2d 1521, 1523 (11th Cir.1991). Rather, the court only determines whether there are genuine issues of material fact to be tried. Applicable substantive law identifies those facts that are material and those that are irrelevant. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Disputed facts that do not resolve or affect the outcome of a suit will not properly preclude the entry of summary judgment. *Id.*

■ If a fact is found to be material, the court must also consider the genuineness of the alleged factual dispute. *Id.* An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Id.* at 250, 106 S.Ct. 2505. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242, 106 S.Ct. 2505. Moreover, for factual is-

sues to be genuine, they must have a real basis in the record. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. 1348. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587, 106 S.Ct. 1348 (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Thus, the standard for summary judgment mirrors that for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 259, 106 S.Ct. 2505.

### B. *STANDARDS OF PROOF IN TITLE VII CLAIMS*

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To prevail on a Title VII claim, a plaintiff must prove that the defendant acted with discriminatory intent. *Hawkins v. Ceco Corp.*, 883 F.2d 977, 980–981 (11th Cir.1989); *Clark v. Huntsville City Bd. of Educ.*, 717 F.2d 525, 529 (11th Cir.1983). Such discriminatory intent may be established either by direct evidence or by circumstantial evidence meeting the four-pronged test set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Holifield v. Reno*, 115 F.3d 1555, 1561–62 (11th Cir. 1997); *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1184 (11th Cir.

1984). Additionally, statistical proof may be used as circumstantial evidence to establish intent. *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir.1989).

Direct evidence is defined as evidence "that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." Black's Law Dictionary 596 (8th ed.2004); *see also Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 (11th Cir.1993); *Carter*, 870 F.2d at 581–82; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir. 1987). Only the most blatant remarks whose intent could only be to discriminate constitute direct evidence. *Clark*, 990 F.2d at 1226; *Carter*, 870 F.2d at 581. Evidence that only suggests discrimination, *see Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081–82 (11th Cir. 1990), or that is subject to more than one interpretation, *see Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1083 n. 2 (11th Cir.1996), does not constitute direct evidence. When a plaintiff establishes a *prima facie* case of discrimination by direct evidence of an intent to discriminate, the burden then shifts to the defendant to prove by a preponderance of the evidence that it would have made the same employment decision in the absence of any discriminatory motivation. *Wall v. Trust Co.*, 946 F.2d 805, 809 (11th Cir.1991); *Hill v. Metropolitan Atlanta Rapid Transit Auth.*, 841 F.2d 1533, 1539 (11th Cir.1988); *Smith v. Horner*, 839 F.2d 1530, 1536 (11th Cir.1988).

Evidence that merely "suggests discrimination, leaving the trier of fact to infer discrimination based on the evidence" is, by definition, circumstantial. *Earley*, 907 F.2d at 1081–82. Because direct evidence of discrimination is seldom available, a plaintiff must typically rely on circumstantial evidence to prove discriminatory intent, using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Holifield v. Reno*, 115 F.3d 1555, 1561–62 (11th Cir. 1997); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527–1528 (11th Cir.1997). Under this framework, a plaintiff is first required to create an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *see also Jones v. Bessemer Carraway Medical Ctr.*, 137 F.3d 1306, 1310, *reh'g denied and opinion superseded in part*, 151 F.3d 1321 (11th Cir.1998); *Combs*, 106 F.3d at 1527.

Demonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination. *Jones*, 137 F.3d at 1310–1311; *Holifield*, 115 F.3d at 1562; *see Burdine*, 450 U.S. at 253–54, 101 S.Ct. at 1093–4. Once the plaintiff establishes a *prima facie* case, the defendant must "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Jones*, 137 F.3d at 1310. This burden is "exceedingly light" in comparison to the burden required if the plaintiff has presented direct evidence of discrimination. *Smith v. Horner*, 839 F.2d 1530, 1537 (11th Cir.1988). If the defendant is able to carry this burden and explain its rationale, the plaintiff, in order to prevail, must then show that the proffered reason is merely a pretext for discrimination. *See Burdine*, 450 U.S. at 253–54, 101 S.Ct. at 1093–4; *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1142 (11th Cir.1983).

A plaintiff is entitled to survive a defendant's motion for summary judgment if there is sufficient evidence to demon-

strate the existence of a genuine issue of material fact regarding the truth of the employer's proffered reasons for its actions. *Combs,* 106 F.3d at 1529. A *prima facie* case along with sufficient evidence to reject the employer's explanation is all that is needed to permit a finding of intentional discrimination. *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000); *see also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); *Combs,* 106 F.3d at 1529.

This *McDonnell Douglas–Burdine* proof structure "was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983); *see also Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 594 (11th Cir.1987). The Eleventh Circuit has held that this framework of shifting burdens of proof is a valuable tool for analyzing evidence in cases involving alleged disparate treatment, but the framework is only a tool. *Nix v. WLCY Radio/Rahall Comm.,* 738 F.2d 1181, 1184 (11th Cir.1984). The "ultimate question" is not whether a plaintiff has established a *prima facie* case or demonstrated pretext, but "whether the defendant intentionally discriminated against the plaintiff." *Id.,* 738 F.2d at 1184 (quoting *Aikens,* 460 U.S. at 713–14, 103 S.Ct. at 1481–82); *see also Jones,* 137 F.3d at 1313. The plaintiff retains the ultimate burden of proving that the defendant is guilty of intentional discrimination. *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089.

### C. *PLAINTIFF'S TITLE VII CLAIM*

In the instant action, Plaintiff's only claim against Defendant is a claim of sex discrimination under Title VII. Plaintiff contends that Defendant discriminated against him on the basis of his sex when it denied his repeated requests to transfer to another CPD office. Plaintiff argues that Defendant allowed similarly situated female employees to transfer while refusing to allow Plaintiff to transfer. In his Motion for Summary Judgment, Defendant first argues that he is entitled to summary judgment on any claim of discrimination based on the denial of Plaintiff's original transfer request to the Atlanta office because Plaintiff failed to exhaust his administrative remedies with respect to that claim. Defendant argues further that he is entitled to summary judgment on all of Plaintiff's claims because Plaintiff has failed to present sufficient evidence to establish a *prima facie* case of sex discrimination.

### 1. *Exhaustion of Administrative Remedies*

Defendant first argues that Plaintiff failed to exhaust his administrative remedies with respect to any claim of discrimination based on the denial of his original transfer request to the Atlanta office because Plaintiff failed to contact HUD's EEO office in a timely manner after he was first notified that his request to transfer was denied.

As the Supreme Court explained in *Brown v. General Services Administration,* 425 U.S. 820, 832–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), federal employees must exhaust their administrative remedies before filing a Title VII suit in federal court. *See* 42 U.S.C. § 2000e–5(f)(1). As the first step in exhausting his or her administrative remedies, a federal employee must contact an EEO counselor in his or her agency to report a complaint "within 45 days of the date of the matter alleged

to be discriminatory." 29 C.F.R. § 1614.105. The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication. *See Wade v. Secretary of Army,* 796 F.2d 1369, 1377 (11th Cir.1986) ("The court must keep in mind that the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires." (citations omitted)).

■ In the instant action, Defendant contends that Plaintiff was first notified on June 8, 2004, that his request to transfer to the Atlanta CDP office had been denied, but that he failed to contact the EEO office to seek counseling about alleged discrimination until August 10, 2004, which was 64 days after June 8, 2004. *See* Def. Br. at 8–9. The Court notes, however, that, although Defendant asserts in his Statement of Material Facts that Plaintiff's transfer request was denied, Defendant fails to assert that Plaintiff was so informed of the denial of his request on June 8, 2004 (or any other specific date). *See* SMF at ¶ 6 ("Plaintiff's transfer request was submitted to CPD headquarters and considered but it was not approved because the Atlanta office was fully staffed and there was no need for additional CPD staffing."). Local Rule 56.1B(1) requires parties to include all material facts in their separate Statement of Material Facts, not only in their brief, and further provides that "[t]he court will not consider any fact ... set out only in the brief." LR 56.1B(1), NDGa. Accordingly, to the extent that either party includes any fact in a

brief that is *not* included in the party's Statement of Material Facts (or in its response to the opposing party's Statement of Material Facts), the Court is not permitted to consider such fact in resolving any pending motion for summary judgment.

Thus, because Defendant has failed to include anywhere in his Statement of Material Facts the actual date on which Plaintiff was first notified that his request to transfer to the Atlanta CPD office had been denied, the Court may not consider that date in determining whether Plaintiff exhausted his administrative remedies. If Defendant considered that date to be a material fact, such date should have been included in the Statement of Material Facts with citations to evidence. in the record establishing that fact.

### 2. *Merits of Plaintiff's Sex Discrimination Claim*

Defendant argues further that, even if Plaintiff exhausted his administrative remedies, Defendant would nevertheless be entitled to summary judgment on Plaintiff's claim of sex discrimination because Plaintiff has failed to present sufficient evidence to establish a *prima facie* case.

### a. *Prima Facie Case*

■ Plaintiff does not contend that he has produced any direct evidence of any discriminatory intent on behalf of Defendant; thus, his claim of discriminatory treatment rests purely on circumstantial evidence and must be analyzed under the *McDonnell Douglas–Burdine* framework. Under this framework, a plaintiff can generally establish a *prima facie* case of unlawful discrimination under Title VII by showing that: 1) he is a member of a protected class;[1] 2) he was subjected to

---

**1.** Although courts continue to include the requirement that a plaintiff establish as part of

a *prima facie* case that he or she is a member of a "protected class," it is clear that individ-

an adverse employment action by his employer; 3) he was qualified to do the job in question, and 4) his employer treated similarly situated employees outside his protected classification (*i.e.*, those of a different sex, race, or religion) more favorably than it treated him. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1290 (11th Cir.1999); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997).

In the instant action, there is no dispute that Plaintiff was qualified for the job in question. Plaintiff contends further that he was subjected to an adverse employment action when Defendant repeatedly denied his requests to transfer to other CPD offices, and that Defendant treated similarly situated female employees more favorably than it treated him by allowing females to transfer for hardship reasons. Defendant argues that Plaintiff has failed to demonstrate that the denial of his transfer request was an adverse employment action, and, even if it could be construed as adverse, that Plaintiff has failed to present evidence that Defendant treated similarly situated females more favorably than it treated Defendant.

█ In order to be actionable under Title VII, an employment decision need not be an "ultimate" employment action such as hiring, promotion, or firing, but must meet some threshold level of materiality to justify the intervention of the judicial system as a referee of employer-employee disputes. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir.2000). The Eleventh Circuit has held that, in order to establish that a particular employ-

ment decision constitutes an adverse employment action to sustain a claim of discrimination under Title VII, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir.2001) (emphasis in original).

The clear weight of authority holds that a lateral transfer (or denial of a transfer request) is ordinarily not regarded as an adverse employment action under Title VII merely because the employee subjectively finds one position preferable to the other, absent some evidence that the plaintiff suffered a material loss of pay, prestige, or other quantifiable benefit. *See Weston–Brown v. Bank of America Corp.*, 167 Fed.Appx. 76, 80 (11th Cir.2006) (plaintiff failed to establish a "failure to promote" claim because the position she sought was at the same level as her existing position, and would not have provided a "greater wage or salary, a more distinguishable title, or significantly more responsibilities" (internal citation omitted)) (unpublished); *Wall v. Trust Co. of Ga.*, 946 F.2d 805, 808 (11th Cir.1991) (the denial of a "promotion" was not actionable as the basis of a "failure to promote" claim under 42 U.S.C. § 1981 because the position the plaintiff held and the one she sought were both "nonexempt salaried jobs," similar in grade, offered the same pay and benefits, and incorporated the same policies); *see also Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir.1996) ("Obviously a purely lateral transfer, that is, a transfer that does not

---

uals of any sex, race, or religion may pursue claims of employment discrimination under Title VII. *See Wright v. Southland Corp.*, 187 F.3d 1287, 1290 n. 3 (11th Cir.1999) (*citing McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 278–80, 96 S.Ct. 2574, 2578–79, 49 L.Ed.2d 493 (1976)). Thus, the key element

of the *prima facie* case is establishing that persons outside of the plaintiff's protected classification (*i.e.*, those of a different sex, race, or religion) were treated more favorably by the employer. *See Wright*, 187 F.3d at 1290 n. 3.

involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action. A transfer involving no reduction in pay and no more than minor change in working conditions will not do either." (internal citations omitted)); *Tarrance v. Montgomery Cty. Bd. of Educ.*, 157 F.Supp.2d 1261, 1266 (M.D.Ala. 2001) (no actionable employment action when the plaintiff was switched from working as an electrician to working as a painter, because being switched from one type of labor to another did not cause him to suffer a "change in benefits, salary, or rank," and he continued to be allowed to apply for reassignments in the future).

In *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441 (11th Cir.1998), the Eleventh Circuit held that a teacher who was transferred to a job outside his desired specialty at a different school could not establish adverse employment action merely by showing that he subjectively preferred his former job. *Doe*, 145 F.3d at 1448–49; *see also Stutler v. Illinois Dept. of Corrections*, 263 F.3d 698, 702 (7th Cir.2001) (temporary transfer of state employee to different department for two months was not "adverse action" under Title VII even though employee did not like her new job, because there was no evidence "that the transfer decreased her responsibilities or benefits in any way"); *accord Burger v. Central Apt. Mgt., Inc.*, 168 F.3d 875, 879 (5th Cir.1999); *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir.1997). As the D.C. Circuit has stated, the growing consensus appears to be that:

> A plaintiff who is made to undertake or who is denied a lateral transfer—that is, one in which she suffers no diminution in pay or benefits—does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm. Mere idiosyncracies of personal preference are not sufficient to state an injury.

*Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999).

■ In the instant action, it is undisputed that the denial of Plaintiff's request to transfer to another CPD office did not involve a material loss of pay, prestige, or other quantifiable benefit. Indeed, Plaintiff concedes that he was not subjected to any loss in pay or benefits, but argues that he is not required to demonstrate that the denial of his transfer request was an adverse action, only that he was treated differently from female employees. The Court rejects Plaintiff's argument and finds that Plaintiff has failed to present sufficient evidence that the denial of his transfer request could be considered an adverse action for the purpose of his Title VII claim of sex discrimination.

■ Furthermore, even if Plaintiff could establish that the denial of his transfer request could be considered an adverse employment action, Defendant would still be entitled to summary judgment on Plaintiff's claim because Plaintiff has failed to present evidence that a similarly situated female employee was treated more favorably than he was treated. To make this comparison, Plaintiff must identify an employee outside of his protected class to which he is "similarly situated in all relevant respects." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997); *see also Knight v. Baptist Hospital of Miami*, 330 F.3d 1313, 1316 (11th Cir.2003); *Silvera v. Orange County School Bd.*, 244 F.3d 1253, 1259 (11th Cir.2001).

■ The Court finds that Plaintiff has failed to present any evidence of any "simi-

larly situated" female employee who was granted a transfer request under the same or similar circumstances as Plaintiff. Although Plaintiff contends that two similarly situated females were granted transfers to other CPD offices, he has failed to identify these females or to point to any evidence in the record that they were similarly situated to him.

■ Moreover, although Defendant has identified two females who were granted transfers to the Atlanta CPD office shortly before the Plaintiff's transfer request was denied, Sandra Frye and Phyllis Beech, Defendant has presented evidence that both of those females submitted their transfer requests before the Plaintiff, and that the Atlanta office was able to accommodate them. Defendant has further presented evidence that, at the time Plaintiff submitted his transfer request, the Atlanta office was already sufficiently staffed and did not require any more employees. Based on a review of the evidence in the record, the Court thus finds that, even if Plaintiff had presented sufficient evidence to establish a *prima facie* case of sex discrimination, Defendant has presented evidence of a legitimate, non-discriminatory reason for the decision to deny Plaintiff's transfer request.

■ Once it is determined that an employer has presented evidence of a legitimate non-discriminatory reason for its action, a plaintiff must point to evidence in the record that the employer's proffered reason is a mere pretext for unlawful sex discrimination in order to defeat the employer's motion for summary judgment. Plaintiff may carry his burden of showing that the employer's proffered reasons are pretextual by showing that they have no basis in fact, that they were not the true factors motivating the decision, or that the stated reasons were insufficient to motivate the decision. Plaintiff can either di-

rectly persuade the court that a discriminatory reason more likely motivated the employer or show indirectly that the employer's ultimate justification is not believable. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1522 (11th Cir.1991). In other words, Plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095; *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825.

■ Because a plaintiff bears the burden of establishing that a defendant's reasons are a pretext for discrimination, a plaintiff "must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.1988) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–2554, 91 L.Ed.2d 265 (1986)). "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [a defendant] has offered extensive evidence of legitimate, non-discriminatory reasons for its actions." *Young,* 840 F.2d at 830.

■ In the instant action, Plaintiff has failed to point to *any* evidence that any of Defendant's legitimate non-discriminatory reasons for not accommodating his transfer requests were a pretext for discrimination. Thus, his case must be dismissed. In summary, the Court finds that Plaintiff has failed to establish a *prima facie* case of sex discrimination. Moreover, even if he had done so, the Court further finds

that Defendant has presented evidence of legitimate, non-discriminatory reasons for the decision to deny Plaintiff's repeated transfer requests to other CPD offices, and Plaintiff has failed to meet his burden of presenting evidence of pretext.

### III. *RECOMMENDATION*

For all the above reasons, **IT IS REC-OMMENDED** that Defendant's Motion for Summary Judgment [18] be **GRANT-ED,** that Plaintiff's Motion to Dismiss Summary Judgment [22] be **DENIED,** and that judgment be entered in favor of Defendant on all counts of Plaintiff's Complaint.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED.

Oct. 25, 2007.