[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10989
Non-Argument Calendar

_____

D. C. Docket No. 07-00002-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN LEVOID SMITH,
a.k.a. Frog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 10, 2009)

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kelvin Levoid Smith appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

On appeal, Smith argues that the district court erred in denying his motions to suppress (1) guns discovered in his car because no exception applied to the warrantless search, (2) statements he made before his arrest because he had not received Miranda[1] warnings, and (3) his post-arrest statements because he did not, in the light of his intoxication, voluntarily waive his Miranda rights.  In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and application of law to the facts de novo.[2] United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).  And we construe all facts in the light most favorable to the prevailing party.  Id.

Smith was involved in a car accident in the parking lot of a gas station late at night.  A police officer who approached Smith immediately after the accident noticed that he was agitated and smelled strongly of alcohol.  Smith later had

---

[1]Miranda v. Arizona, 86 S.Ct. 1602 (1966).

[2]Smith objected to fact-findings in the magistrate judge's report and recommendation about the suppression motions only by noting that "certain facts stated within the report and recommendation [were] not correct." See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (we review for plain error when a party fails to "specifically identify [the fact] findings to which he objects" in the magistrate's report). But as we explain, under either plain or clear error review, Smith's arguments fail.

difficulty performing field sobriety tests and eventually refused to continue the tests. Smith was then placed under arrest for driving under the influence ("DUI"). Officers searched Smith's car after his arrest, and the search yielded two loaded guns.

Based on these facts, the warrantless search of Smith's car was permissible as a search incident to a lawful arrest. The Fourth Amendment permitted the officers to search Smith and his car to look for weapons that could be used to injure police officers and to collect and preserve evidence. United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir. 1996) (officers lawfully arresting a car occupant may search the passenger area of the car as a contemporaneous incident of the arrest). Smith does not contest that his DUI arrest was lawful.

We also conclude that the district court committed no error in failing to suppress Smith's statements. The officer who initially approached Smith after the accident asked him -- without giving him Miranda warnings -- if he had any weapons on him. Smith responded that he had a gun in his car. The officer's question was permissible under the public safety exception to Miranda. See United States v. Newsome, 475 F.3d 1221, 1224-25 (11th Cir. 2007) (explaining that Miranda's public safety exception allows officers to question a suspect without first Mirandizing him when necessary to protect either themselves or the general

3

public). It was reasonable for the officer to ask Smith about weapons to protect his own safety and that of others in the area based on Smith's agitation and his strong odor of alcohol.

About Smith's post-arrest statements when he told officers there was a gun in his car and that he had been drinking, we conclude that he voluntarily waived his Miranda rights. A waiver of Miranda rights must be knowing and voluntary; and whether a defendant has waived his Miranda rights is evaluated based on the totality of the circumstances. United States v. Barbour, 70 F.3d 580, 584-85 (11th Cir. 1995). Smith was given Miranda warnings upon his arrest and again at the jail before questioning began. While Smith did not execute a formal waiver, he voluntarily spoke to officers and made consistent statements, both at the scene and at the jail. Although Smith had been intoxicated, at least three hours elapsed between the car accident and the start of the jail interview. And at the interview, Smith noted that officers had already read his rights to him, appropriately responded to questions, and even acknowledged that he was sober during the questioning. Based on the totality of these circumstances, the district court made no error in determining that the passage of time and Smith's demeanor during questioning rendered his waiver of Miranda rights knowing and voluntary.[3]

---

[3]Smith also contends that he was denied his right to counsel because he asked for a lawyer during questioning at the jail but officers continued to question him. That Smith did not

4

Smith next argues that the district court erred in admitting evidence of prior bad acts -- his DUI arrest, the presence of a large amount of cash on his person, and a powdery white substance in his car -- because this evidence was irrelevant to the felon-in-possession charge and served only to prejudice him and confuse the jury. We review a district court's admission of prior crimes or bad acts under Fed.R.Evid. 404(b) for an abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008).

Under Rule 404(b), evidence of uncharged crimes is not admissible to show proof of bad character. But evidence of uncharged crimes is not extrinsic under Rule 404(b) if it is (1) an uncharged offense that arose out of the same transaction as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence about the charged offense. Ellisor, 522 F.3d at 1269. And an uncharged crime that explains the context, motive, and set-up of the crime properly is admitted if linked in time and circumstances with the charged crime or forms an integral and natural part of an account of the crime. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998).

---

unequivocally invoke his right to counsel is clear: he simply mentioned in passing that he had a lawyer and continued to talk about the incident when officers attempted to clarify his reference to a lawyer. See United States v. Acosta, 363 F.3d 1141, 1152 (11th Cir. 2004) (questioning must cease when a suspect expresses a desire to consult with counsel, but request for counsel must be unambiguous and unequivocal).

No abuse occurred on this record. Evidence about the DUI arrest helped explain to the jury why officers approached Smith, detained him, and searched his car. The evidence is intertwined and closely linked in time and circumstances with the felon-in-possession offense: the guns forming the basis for the instant charge were discovered during the DUI arrest. See id. When officers searched Smith and his car, they discovered over $4000 in his pocket and a white powdery substance that appeared to be cocaine in the glove compartment of the car.[4] Smith later told officers that the powdery substance was "candle wax." This evidence may be extrinsic to the charged offense, but it served to show more than Smith's bad character. The white powder and Smith's characterization of it showed Smith's knowledge of the contents of his car, which included the guns. And the large amount of cash showed Smith's motive to protect himself by carrying a gun. See Fed.R.Evid. 404(b) (listing knowledge and motive as examples of non-propensity use of character evidence).

Given the helpfulness of the DUI evidence in telling the jury a coherent story and the probative value of the white powder and money in proving the felon-in-possession offense, the district court abused no discretion in concluding that any unfair prejudice resulting from this evidence did not outweigh substantially its

---

[4]The substance later was tested and determined to be a mixture of procaine and caffeine, a legal substance.

probative value. See Fed.R.Evid. 403; United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992) (the balance between probative value and unfair prejudice should "be struck in favor of admissibility").

Smith also challenges the district court's removal of the only African-American on the jury. This juror was removed after the close of the evidence at the behest of the government because she had been asleep through much of the trial. The district court excused the juror, noting that it had seen her sleeping many times during the brief trial. We review for an abuse of discretion a district court's decision to replace, before jury deliberations, a juror who is unable to perform her duties with an alternate juror. Fed.R.Crim.P. 24(c); United States v. De La Vega, 913 F.2d 861, 868-69 (11th Cir. 1990). We will not disturb the district court's decision without a showing of bias or prejudice, which includes discharge of a juror "without factual support or for a legally irrelevant reason." Id. at 869. We discern no abuse here as the court articulated clearly an acceptable, non-biased and factually supported reason for excusing the juror: her inability to stay awake during trial.[5]

AFFIRMED.

---

[5]On appeal, Smith does not address the court's reasoning for removing the juror and, instead, appears to be making a challenge based on Batson v. Kentucky, 106 S.Ct. 1712 (1986). But Batson -- which applies to peremptory challenges -- is inapplicable to the removal of jurors under Rule 24(c).