[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11502
Non-Argument Calendar

_____

D. C. Docket No. 07-00298-CR-2-JHH-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD ROGER PHILLIPS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2009)

Before EDMONDSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Donald Roger Phillips, Jr., appeals the denial of a motion to suppress in his conviction for receipt and possession of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (5)(B). No reversible error has been shown; we affirm.

On appeal, Phillips argues that the search warrant did not support a finding of probable cause to search his home because of alleged misrepresentations by Detective Terry Shouse in her affidavit. The affidavit stated that James Williams and Clee Smith, employees of a company called ServPro, were repairing smoke damage to Phillips's residence when they observed in a basement closet "numerous pictures depicting two young males performing oral sex on one another." Shouse stated that the pictures were produced "on what appeared to be standard computer printer paper." Shouse also mentioned in the affidavit that Smith had called a family member to tell her what he had seen; and the family member contacted Sergeant Chuck Denham. Phillips maintains that Shouse recklessly made the statement that the pictures were produced on standard computer paper because she had no personal knowledge of the matter and did not corroborate the information she received from Sergeant Denham.

We review the denial of a motion to suppress under a mixed standard of review, examining the district court's factual determinations for clear error and its

2

application of law to those facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).[1] "[W]e will not overturn a district court's decision that omissions or misrepresentations in a warrant affidavit were not reckless or intentional unless clearly erroneous." United States v. Reid, 69 F.3d 1109, 1113 (11th Cir. 1995).[2]

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). "Probable cause may be based on facts within the magistrate's knowledge and of which he has reasonably trustworthy information." Slay, 714 F.2d at 1095.

Affidavits supporting search warrants are presumptively valid. Franks v. Delaware, 98 S.Ct. 2674, 2684 (1978). For evidence that was seized pursuant to search warrant, to prevail on a motion to suppress based on allegations of falsity in the supporting affidavit, the defendant has the burden of establishing that (1) the affiant made the alleged misrepresentations or omissions knowingly or recklessly

---

[1]In addition, we construe all facts in the light most favorable to the prevailing party. Id.

[2]Phillips did not object to the magistrate judge's report and recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (we review for plain error when a party fails to "specifically identify [the fact] findings to which he objects" in the magistrate's report). But under either plain or clear error review, Phillips's arguments fail.

3

and (2) exclusion of the alleged misrepresentations or inclusion of the alleged omissions would result in a lack of probable cause. United States v. Novaton, 271 F.3d 968, 986-97 (11th Cir. 2001).

We conclude that Phillips did not carry his burden in showing that the affidavit contained knowing or reckless misrepresentations. Shouse prepared her affidavit based on the written statements of Williams and Smith and on information she learned from Denham. Denham had spoken with Linda Goodson, a city magistrate and Smith's mother-in-law. Goodson told Denham that Smith called her to tell her about the pictures he saw in Phillips's closet. According to Goodson, Smith told her that he believed the pictures were computer generated because a laptop was present and a date was on them. The testimony of Goodson at the suppression hearing about what she told Denham and the statements of Williams and Smith did not contradict the material facts in the affidavit.

And Shouse did not act recklessly in representing that the images appeared to be printed on standard computer paper based on all the information she received. While Phillips complains that Shouse received the information secondhand and failed to corroborate it, we conclude that she acted permissibly in preparing the affidavit. Independent corroboration of an informant's statement is not required in every case. Brundidge, 170 F.3d at 1353 (explaining that an informant's "explicit

4

and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand" may suffice) (citation omitted). And information in the affidavit may be based on the observations and reports of other officers, like Denham, who are engaged in the investigation. See United States v. Kirk, 781 F.2d 1498, 1505 (11th Cir. 1986).

The face of the affidavit -- which was based on observations of Williams and Smith, information Goodson received from Smith, and Shouse's confirmation that Phillips was the only resident of the home where the images were observed -- stated sufficient, trustworthy facts for the magistrate to believe that illegal images of child pornography were located in the residence and that Phillips was the possessor of the images. The affidavit established probable cause.[3]

Phillips also argues that even if the warrant supported a probable cause determination, the warrant was overly broad in describing the area to be searched. Because Smith and Williams only observed objectionable material in a basement closet, Phillips asserts, the warrant should not have permitted a search of the entire

---

[3]Probable cause existed even without mention of computer paper because Williams and Smith observed child pornography images in the residence. Phillips argues that the statement about the images being on standard computer paper impermissibly expanded the warrant to include computer equipment. But the warrant would have included computer-related equipment for seizure because pornographic images typically are received via computers connected to the internet. See United States v. Williams, 444 F.3d 1286, 1290 (11th Cir. 2006), reversed and remanded on other grounds by United States v. Williams, 128 S.Ct. 1830 (2008), superseded by United States v. Williams, 5343 F.3d 1371 (11th Cir. 2008) (recognizing common use of computers and internet in child pornography offenses).

residence and curtilage to include items such as computers and printers. We disagree. Because (1) Phillips exclusively resided at the residence and (2) pictures and the equipment related to them easily are moved within a residence, the search warrant was not overly broad in providing for a search of the entire residence and its curtilage.

AFFIRMED.