[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

No. 09-13159
Non-Argument Calendar

_____

D. C. Docket No. 08-00015-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE PAUL CHASTAIN, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Lonnie Paul Chastain, Sr., appeals his conviction for possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] No reversible error has been shown; we affirm.

Chastain argues that evidence obtained from a search of his residence should have been suppressed because the warrant did not comply with the requirements of Fed.R.Crim.P. 41, given that the Hall County Magistrate Court, from where the warrant was obtained, was not a "court of record" under Georgia law. Even though the warrant was executed by state officers, Chastain maintains, those officers were required to comply with Rule 41 because the investigation had federal involvement. In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and the application of law to the facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).[2] And we construe all facts in the light most favorable to the prevailing party. Id.

In pertinent part, Rule 41 provides that

> [a]t the request of a federal law enforcement officer or an

---

[1]Chastain, Sr. was indicted along with his son, Lonnie Chastain, Jr. Chastain, Sr. pleaded guilty to drug conspiracy and possession charges, but proceeded to trial on the firearm charge.

[2]Chastain did not object to the magistrate judge's report and recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (we review for plain error when a party fails to "specifically identify [the fact] findings to which he objects" in the magistrate's report). But under either plain or clear error review, Chastain's argument fails.

attorney for the government: (1) a magistrate judge with authority in the district -- or if none is reasonably available, a judge of a state court of record in the district -- has authority to issue a warrant to search for and seize a person or property located within the district.

Fed.R.Crim.P. 41(b)(1). Rule 41 governs searches that are "federal in character." United States v. Lehder-Rivas, 955 F.2d 1510, 1522 (11th Cir. 1992) (explaining that "[a] state search warrant must comply with federal standards if the search was 'federal in execution'").

We conclude that no error occurred here because no federal involvement existed in the application for or execution of the search warrant; thus, Rule 41 did not apply to the warrant proceedings. Hall County officers initiated the drug investigation against Chastain after an officer smelled marijuana on his property while there on an unrelated arson investigation.

Local officers were executing the warrant when an agent with the Federal Bureau of Investigation (FBI) heard about the search of the Chastain residence via police radio. The FBI agent went to the Chastain residence while the search was being carried out and, days later, spoke to the county officers about a possible federal prosecution. But the search was initiated and executed entirely by state officers; the FBI agent's mere presence at the search of the residence did not render the execution of the search warrant federal in character. See id. (explaining that a "search is federal in execution if a federal official had a hand in it" and concluding

3

that Rule 41 did apply in that case because federal agents provided intelligence information to the state officers involved) (internal quotation omitted).

Chastain also challenges the sufficiency of the evidence against him, arguing that the government demonstrated no sufficient nexus between the firearms seized and the drug operation. We review de novo the denial of a motion for judgment of acquittal based on sufficiency grounds; and we draw all reasonable inferences in the government's favor. United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006).

To convict Chastain of possession of a firearm during a drug trafficking crime under section 924(c)(1)(A), the government had to prove that he "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States." United States v. Woodard, 531 F.3d 1352, 1362 (11th Cir. 2008). We have construed the "in furtherance" language to require "that the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002).

> The nexus between the gun and the drug operation can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

Id. at 1253 (internal quotations and citations omitted).

Three firearms were discovered in the Chastain residence, where Chastain and his son had conducted a large-scale marijuana growing operation in the basement for over 10 years; marijuana was harvested every 90 days. These firearms included guns in the bedrooms of both Chastain and his son and a loaded shotgun near where officers discovered marijuana. Both Chastains had access to the shotgun. And Chastain's son testified that guns had been in the house from the inception of the drug operation to protect themselves and the contents of the home.

On these facts, we conclude that sufficient evidence existed to support Chastain's conviction. Given the close proximity of the drugs and the loaded shotgun, the large-scale marijuana growing operation, and the extensive safety measures in place to guard the pertinent basement, a jury reasonably could infer that the firearms were used in furtherance of the drug trafficking activity. See id.; United States v. Suarez, 313 F.3d 1287, 1292-93 (11th Cir. 2002).

Chastain cites evidence of his possession and familiarity with guns before trafficking drugs and his son's testimony that he had not seen his father use a gun in many years to argue that the presence of guns was merely coincidental to the criminal conduct. But the evidence need not exclude every reasonable hypothesis of innocence, and jurors are free to choose among reasonable constructions of the

5

evidence.  <u>See</u> <u>United States v. Mattos</u>, 74 F.3d 1197, 1199-1200 (11th Cir. 1996).

That the guns could have been used in furtherance of the drug activity was such a

reasonable construction.

AFFIRMED.